# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1355-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BRYAN CALIMANO-SUAREZ,
a/k/a, BRYAN S.
CALIMANOSUAREZ, BRYAN
CALIMANO, BRYAN C. SUAREZ,
BRYAN S. SUAREZ, and
BRYAN S. CALIMANO,

    Defendant-Appellant.

_____

Submitted February 23, 2021 – Decided April 23, 2021

Before Judges Gilson and Gummer.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment No. 13-11-0935.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Meredith L. Balo, Special

Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Bryan Calimano-Suarez appeals from an August 29, 2019 order denying his petition for post-conviction relief (PCR). He contends that his trial counsel was ineffective by failing to object to arguments and comments made by the prosecutor during closing arguments at trial. Having conducted a de novo review of the record, we affirm substantially for the reasons explained by Judge Robert Kirsch in his thorough written opinion denying the PCR petition.

A jury convicted defendant of third-degree aggravated criminal sexual contact, N.J.S.A. 2C:14-3(a), and fourth-degree criminal sexual contact, N.J.S.A. 2C:14-3(b). At trial, the jury heard testimony from the victim, who explained that she lived with her family and that defendant was staying at her home since he had been thrown out of his residence. The victim testified that while she was asleep, she felt someone touching the inside of her vagina; she awoke and found defendant lying in front of her with his hand between her legs.

After the two convictions were merged, defendant was sentenced to time served of 746 days and parole supervision for life. He filed a direct appeal, arguing that the prosecutor engaged in misconduct during closing arguments.

We rejected those arguments and affirmed defendant's convictions.  State v. Calimano-Suarez, No. A-1147-15 (App. Div. Jan. 26, 2018) (slip op. at 6-12).

In October 2018, defendant filed a petition for PCR.  He was assigned counsel and Judge Kirsch heard oral arguments.  Thereafter, Judge Kirsch entered an order denying the petition and issued a fourteen-page opinion supporting that decision.  Judge Kirsch correctly found that defendant's claims concerning ineffective assistance of counsel were essentially the same claims asserted and denied on his direct appeal.  Accordingly, Judge Kirsch denied the petition under Rule 3:22-5.

Judge Kirsch also addressed the merits of defendant's ineffective assistance claims.  The judge correctly found that defendant had failed to establish either of the two prongs required for a showing of ineffective assistance of counsel.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); accord State v. Fritz, 105 N.J. 42, 57-58 (1987).  Finally, Judge Kirsch correctly ruled that defendant was not entitled to an evidentiary hearing.  State v. Porter, 216 N.J. 343, 355 (2013); State v. Preciose, 129 N.J. 451, 462 (1992).

On this appeal, defendant challenges the denial of his PCR petition on two grounds:

> POINT I – DEFENDANT'S PCR PETITION SHOULD NOT HAVE BEEN PROCEDURALLY BARRED.

A-1355-19

POINT II – THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A <u>PRIMA</u> <u>FACIE</u> CASE OF TRIAL COUNSEL'S INEFFECTIVENESS FOR FAILING TO OBJECT TO THE PROSECUTION'S VOUCHING FOR AND BOLSTERING [THE VICTIM'S] CREDIBILITY.

These are essentially the same arguments defendant presented to Judge Kirsch. We reject the arguments for the reasons explained by Judge Kirsch in his well-reasoned opinion. In short, Judge Kirsch correctly analyzed each of the arguments presented by defendant, applied the well-established law, and rejected the arguments both on procedural and substantive grounds. We agree with the conclusions reached by Judge Kirsch.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-1355-19